UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ERIC ALVAREZ,<br><br>      Plaintiff,<br><br>  v.<br><br>ERIC E. ALVAREZ, JR.,<br><br>      Defendant. | Case No. 1:24-cv-686<br>McFarland, J.<br>Bowman, M.J. |

**REPORT AND RECOMMENDATION**

On December 2, 2024, Plaintiff Eric Alvarez filed a motion seeking leave to proceed in this Court *in forma pauperis*, or without payment of fees. (Doc. 1). Attached to Plaintiff's motion/application is a copy of the proposed complaint. (Doc. 1-1).

**I. General Screening Authority**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. As a result, the complaint is now before the Court for a sua sponte review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is

1

immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Although a plaintiff's pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders

"naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

**II. Analysis of Complaint**

The undersigned now recommends sua sponte dismissal of Plaintiff's case for lack of federal subject matter jurisdiction.

Plaintiff's complaint generally alleges that in January 2024, Defendant Eric E. Alvarez Jr.[1] wrongfully signed and deposited into Defendant's bank account a check belonging to Plaintiff. Plaintiff alleges that the check represents a substantial settlement payment to Plaintiff from an earlier lawsuit. Plaintiff has attached as an exhibit to his complaint a letter to support that allegation. (Doc. 1-2). Plaintiff alleges that Defendant took the check from the nursing home where Plaintiff resided at the time the check was issued. He further alleges that Defendant "says Plaintiff has spent" $50,860.00, that Defendant "gives Plaintiff $3,000.00," and that Plaintiff "honor[s] Defendant $10,000.00 for credit payment." (Doc. 1-1, PageID 9). As relief, Plaintiff seeks an order of this Court requiring Defendant to repay to Plaintiff the sum of $50,860.00.

The Clerk of Court initially identified the pro se complaint as having been filed under 42 U.S.C. § 1983, the federal civil rights statute. But the civil cover sheet attached to the complaint lists no basis for jurisdiction in federal court at all, and none is identified on the face of the complaint.[2]

Under 28 U.S.C. § 1331, federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." Even if Plaintiff had more clearly identified the civil rights statute as the basis for asserting federal question jurisdiction, it does not appear that the Defendant is employed by the State of Ohio or

---

[1] While not explicitly alleged, the undersigned infers both from the context of the allegations and the similarities of names that Defendant is Plaintiff's son.
[2] Although the reasons for the Clerk's preliminary designation are not entirely clear, Plaintiff submitted his complaint on a form commonly used to allege violations of civil rights under 42 U.S.C. §1983.

3

other governmental entity – a requirement of any claim under 42 U.S.C. § 1983. Nor has Plaintiff alleged that Defendant violated any of Plaintiff's constitutional rights or other federal law. Therefore, federal question jurisdiction is lacking.

If Plaintiff has alleged any claim at all against the Defendant for the alleged misappropriation of Plaintiff's check, his claim would arise under state law. In the absence of federal question jurisdiction, state law claims may be litigated in federal court only by invoking the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a). Here, however, such jurisdiction is lacking both based on the amount in controversy and the citizenship of the parties. In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, both Plaintiff and Defendant are Ohio citizens. Therefore, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship over any state law claims Plaintiff may be alleging.

### III. Conclusion and Recommendation

Based on a complete lack of subject matter jurisdiction, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice**.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ERIC ALVAREZ,

    Plaintiff,

v.

ERIC E. ALVAREZ, JR.,

    Defendant.

Case No. 1:24-cv-686
McFarland, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).